CATHERINE CORTEZ MASTO
Attorney General
STEPHEN D. QUINN
Senior Deputy Attorney General
Nevada Bar No. 5746
Litigation Division
100 North Carson Street
Carson City, Nevada 89701-4717
Tel:  (775) 684-1222
Fax:  (775) 684-1275

*Attorneys for Defendant State of Nevada
Department of Public Safety*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JACQUELYN SANDAGE, | Case No.: 3:06-CV-00634-LRH-RAM |
| Plaintiff, | |
| vs. | **MOTION FOR SETTLEMENT CONFERENCE** |
| STATE OF NEVADA, dba NEVADA HIGHWAY PATROL and DOES I-X, | |
| Defendants. | |

Defendant, State of Nevada Department of Public Safety, by and through counsel, Catherine Cortez Masto, Attorney General of the State of Nevada, and Stephen D. Quinn, Senior Deputy Attorney General, respectfully requests the Court set this case for formal settlement conference.  This request is made pursuant to LR 16-5.  Defendant submits the following in support of its request:

1. Both parties have repeatedly indicated a desire to settle this case.  As a result of circumstances, the parties have been unable to make substantial progress towards achievement of settlement.  Defendant believes the Court's oversight and participation in settlement discussions would assist in achievement of successful settlement negotiations.

2. About August 27, 2007, Plaintiff agreed upon certain required "parameters" of settlement to wit:  a) A consent decree that would address the "culture" that allegedly exists at

1  the DPS Highway Patrol; b) A mechanism for enforcement of the consent decree that
2  contemplates oversight by someone outside the Department acceptable to Plaintiff; c) A
3  process for resolving problems with Plaintiff's continued employment that would include
4  purchasing eight years of retirement, which would enable Plaintiff to retire with 25 years of
5  service; and d) Payment to Plaintiff of a cash settlement, the amount of which would depend
6  upon the costs of satisfying part "c" above.

7       3.    About September 6, 2007, Defendant informed Plaintiff that there is a maximum
8  number of five years of retirement that an employee can purchase from PERS, and that
9  Plaintiff has already purchased slightly over two years.  The cost to purchase the remaining
10  eligible years is slightly over $100,000.00.

11       4.    On September 17, 2007, in response to the information about the cost and
12  availability of purchasing retirement, Plaintiff indicated her resignation to the inability of the
13  parties to reach a settlement in this case.

14       5.    Because of the contentious level to which the litigation of this case has risen, it
15  appears that positive, productive settlement discussions between the parties are impossible
16  without outside assistance to medicate negotiations.

17       6.    On September 5, 2007, Defendant asked counsel for Plaintiff, Fred Acheson,
18  whether Plaintiff would join in a request to have the Court schedule and conduct a settlement
19  conference and to get back with a response.  Since then, Defendant has not received a
20  response.

21       7.    Also, since September 5, 2007, contention has potentially increased, rendering
22  further communication towards agreement difficult.  For that reason, Defendant is unilaterally
23  making this request.  However, Defendant believes that Plaintiff desires to pursue settlement
24  discussions and will not oppose scheduling a formal settlement conference presided over by
25  this Court.

26       (The remainder of this page is left blank intentionally.)

27

28

Based on the foregoing, Defendant requests the Court schedule a formal settlement conference at which the parties are ordered to attend and participate in good faith.

DATED this 18th day of September, 2007.

CATHERINE CORTEZ MASTO
Attorney General

By: /s/ Stephen D. Quinn

Stephen D. Quinn
Senior Deputy Attorney General
Litigation Division

*Attorneys for Defendant*
*Nevada Highway Patrol*

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada and that on this 18th day of September, 2007, I caused to be served a copy of the foregoing by U.S. District Court CM/ECF Electronic Filing to the following:

MARK L. MAUSERT ESQ
LAW OFFICE OF MARK MAUSERT
930 EVANS AVE
RENO NV 89512

By: _____

C:\Documents and Settings\cjsweene\My Documents\Quinn\Cases\Sandage.634Mtn for Settlemtn Conf.doc